**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| United States of America, | ) | |
|---|---|---|
| | ) | Criminal Action No. 7:04-cr-01125-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Chauncey Floyd, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Chauncey Floyd's ("Defendant") *pro se* Motion to Reduce his Sentence [Dkt. No. 50]. The motion is presented as seeking relief pursuant to Title 18 U.S.C. 3582(c)(2). However, the court finds that Defendant's collateral attack on his sentence should be construed as a petition under 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is denied.

On March 18, 2005, Defendant pleaded guilty to one count of possession with the intent to distribute and the distribution of cocaine and one count of possession with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C). On August 26, 2005, the District Court sentenced Defendant to 240 months for count 1 and 360 months on count 2 to run concurrently [Dkt. No. 23].

Following Amendment 706 to § 2D1.1 of the Sentencing Guidelines which reduced the offense levels associated with crack cocaine quantities by two levels, the District Court upon its own motion, considered whether Defendant was eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On September 9, 2008, the court issued an Order denying Defendant's sentence reduction [Dkt. No. 37], finding that Defendant did not qualify for a sentence reduction

because his total offense level calculation was based on a career offender enhancement rather than on the quantity of crack cocaine in his possession. As a result, the Court found Amendment 706 to the United States Sentencing Guidelines did not produce a reduction for Defendant and ruled that the prior judgment of August 26, 2005 would remain in effect. *See* Order Regarding Motion for Sentence Reduction [Dkt. No. 37]. Defendant did not appeal that Order.

On March 22, 2010, Defendant filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 [Dkt. No. 39]. On March 23, 2010, the court issued an Order [Dkt. No. 40] denying Defendant's motion on the grounds that it was moot as a result of the court's prior order of September 8, 2008. Defendant timely appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the District Court's Order on October 5, 2010 [Dkt. No. 48], finding no abuse of discretion in the court's denial of Defendant's motion.

On August 2, 2012, Defendant filed the instant motion to reduce his sentence, asking the court to remove the career criminal enhancement. Defendant characterized the motion as one brought pursuant to 18 U.S.C. § 3582 (c)(2). Section 3582 (c)(2) provides that

> "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (2). The court has already considered and denied Defendant's eligibility for a sentence reduction based on the changes to the sentencing guidelines for crack cocaine offenses. Section 3582 offers Defendant no further relief.

The court interprets Defendant's stated grounds for relief in the instant motion as a collateral attack on the legitimacy of his sentence. Such claims are properly brought pursuant to 28 U.S.C. § 2255. The subject matter of the motion, not its label, determines its status. *See Calderon v. Thompson,* 523 U.S. 538, 554 (1998); *United States v. Winestock,* 340 F.3d 200, 203 (4th Cir. 2003).

Defendant states two grounds for relief. First, Defendant argues that his prior state court convictions for possession with intent to distribute crack cocaine and failure to stop for a blue light for which he received a suspended sentence and probation are not proper qualifying predicate offenses under 21 U.S.C. §§ 841(b)(1)(B). He cites the United State's Supreme Court's decision in *Carachuri–Rosendo v. Holder,* 130 S. Ct. 2577 (2010) and the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Simmons,* 649 F.3d 237 (2011), both of which address the issue of proper qualifying predicate offenses. Second, Defendant argues that his attorney failed to inform him of the possibility that his state drug conviction could be used as a predicate offense to increase his federal sentence. He asserts that knowing this could have changed his decision to plead guilty. This argument is essentially a claim of ineffective assistance of counsel. Because Defendant is challenging his sentence, and also challenges the effectiveness of his counsel's assistance, the court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. *See United States v. Newman*, 6:04-CR-01127-GRA-8, 2011 WL 493875 (D.S.C. Feb. 4, 2011) *aff'd,* 436 F. App'x 223 (4th Cir. 2011).

Defendant litigated a previous § 2255 motion beginning in 2006 in which he challenged the enhancement to his sentence based on his state court drug convictions and in which he further alleged ineffective assistance of counsel. *See Floyd v. United States*, 7:04-CR-01125-HFF, 2008

WL 3925841 (D.S.C. Aug. 26, 2008). The court granted summary judgment to the Government and denied Defendant's petition. *Id*. at *6. Defendant makes the same claims in the instant motion. As a result, the instant motion, re-characterized as a § 2255 motion, becomes Defendant's second or successive § 2255 motion. A defendant may not file a second or successive § 2255 motion without pre-filing authorization from the court of appeals. 28 U.S.C. §§ 2244(b); 2255(h); *Winestock*, 340 F.3d at 205. Without such authorization, a district court lacks jurisdiction to consider the validity of Defendant's sentence. *Winestock*, 340 F.3d at 205.

For the reasons stated above, the Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

United States District Judge

January 8, 2013
Greenville, South Carolina